# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**DUANE JOHN,**                                                 **PETITIONER**

**v.**                                          **No. 3:17CV42-MPM-RP**

**TIMOTHY OUTLAW**                                    **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Duane John for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition, and Mr. John has filed his traverse. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2254

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

## Facts and Procedural Posture

Petitioner Duane John is currently in the custody of the Mississippi Department of Corrections (MDOC) and housed at the Marshall County Correctional Facility in Holly Springs, Mississippi. He was convicted of six (6) counts of DUI manslaughter in Lafayette County Circuit Court Cause No. LK13-307. *See* SCR, No. 2013-KA-02001-COA, Vol. 1, pgs. 89-92. On October 7, 2013, the circuit court sentenced him to serve six (6) consecutive fifteen-year terms in the custody of the MDOC, for a total of ninety (90) years, with fifteen (15) years suspended, leaving seventy-five (75) years to serve. *Id.*

Mr. John, through counsel, appealed his convictions and sentences to the Mississippi Court of Appeals, raising the following issues:

Issue One:      The trial court erred by allowing John's blood-alcohol test results to be entered into evidence.

Issue Two:      The verdict was against the overwhelming weight of the evidence.

The Mississippi Court of Appeals affirmed the judgment of the circuit court. *John v. State*, 189 So. 3d

683 (Miss. Ct. App. 2015), *reh'g denied* April 26, 2016.  He did not file a petition for a writ of

*certiorari* to the Mississippi Supreme Court.

On October 21, 2016, Mr. John filed an application for leave to file a motion for post-

conviction relief in the trial court in Mississippi Supreme Court Cause No. 2016-M-01503. *See* SCR,

No. 2016-M-01503.  In his application for post-conviction review, he raised the following claims, *pro*

*se,* which the court has restated and renumbered for the sake of clarity*:*

Issue One:     The trial judge's comments during voir dire were prejudicial and an illegal influence on the jury.

Issue Two:     The trial court erred by allowing into evidence photographs of the victims that had no relevance or evidentiary purpose.

Issue Three:     Petitioner was denied his right to a trial by his peers since he is a Native American, and no Native Americans served on his jury.

Issue Four:     The evidence failed to prove that Petitioner was negligent.

Issue Five:     The trial court erred in not requiring a pre-sentence investigative report which could have led to a proportionality review; Petitioner's sentence was unduly harsh and should be reviewed under the proportionality review.

Issue Six:     Petitioner's trial counsel rendered ineffective assistance of counsel by:

A)     Failing to interview and call as a witness Dale Chickaway, the passenger who allegedly broke out the back glass of the vehicle therefore causing the vehicle to sink faster.

B)     Failing to investigate the evidence.

C)     Failing to object to the trial judge's allegedly prejudicial comments during voir dire.

D)     Failing to investigate Petitioner's mental health status by obtaining his prior mental health records.

E)     Failing to require that a pre-sentence investigative report be submitted to the trial court.

On December 15, 2016, the Mississippi Supreme Court denied Mr. John's application for post-conviction review as being without merit, finding:

> This is John's first application for post-conviction relief. He raises six issues: (1) judicial misconduct, (2) admissibility of photographs, (3) the jury's makeup, (4) the weight of the evidence, (5) the lack of a pre-sentence report, and (6) ineffective assistance of counsel. After due consideration, we find the petition lacks sufficient merit to warrant an evidentiary hearing and, thus, should be denied.

*Id.*; *see also* Exhibit B.[1]

Mr. John then filed the instant federal petition for a writ of *habeas corpus*, raising the following issues *pro se*, which the court has summarized and renumbered for the sake of clarity:

Ground One: The trial judge erred by commenting on the evidence during voir dire as to the victims being children, which inflamed the jury.

Ground Two: The trial court erred by allowing into evidence photographs of the victims that inflamed the jury and had no evidentiary purpose.

Ground Three: Petitioner was deprived of a trial by a jury of his peers because there were no Native Americans on the jury due to a change of venue.

Ground Four: The evidence failed to prove the elements of the charge because there was no evidence that Petitioner was negligent.

Ground Five: Petitioner received ineffective assistance of counsel because his trial counsel failed to investigate Petitioner's mental status.

Ground Six: Petitioner received a disproportionate sentence.

ECF docs. 1 and 4. For the reasons discussed below, Mr. John is not entitled to federal *habeas corpus* relief based on his arguments in the present petition.

Mr. John has exhausted his state court remedies as to the issues raised in the instant petition; return to the state court on these issues would be futile.

---

[1] The exhibits referenced in the instant memorandum opinion may be found in the State's Response to the instant petition for a writ of *habeas corpus*.

**Summary of Facts**

The following summary of the facts of this case will aid in understanding the grounds for relief in the instant petition and the court's discussion of them.  On the evening of December 28, 2012, John had been at his sister's house drinking.  SCR, No. 2013-KA-02001-COA, Vol. 4, pgs. 214-17, 280-82.  After a disagreement with someon at the house, Mr. John left and got into his vehicle, along with three (3) other adults and five (5) of his children.  *Id.* at 219-20, 282-83.  While speeding and trying to pass another vehicle on the road, he lost control of his vehicle, causing it to leave the roadway and sink into a creek.  SCR, No. 2013-KA-02001-COA**,** Vol. 3, pgs. 103-111.   John, his girlfriend, Deanna Jim, and another adult, Dale Chickaway, were able to climb out of the vehicle to safety.  *Id.* at pgs. 111-13; SCR, No. 2013-KA-02001-COA, Vol. 4, p. 223.  One (1) adult, Diane Chickaway, along with John's five (5) children, were unable to get out of the sinking car and died as a result of the accident. *Id.* at pgs. 219-223.

John Stevenson from the Mississippi Crime Lab testified at trial that Mr. John's blood-alcohol level on that night was .18 percent, well over the legal limit.  *Id.* at 225-31.  Bradley Sanders, an accident reconstructionist with the Mississippi Highway Patrol, testified that John's vehicle was traveling between eighty-six (86) and ninety (90) miles per hour on a roadway with a speed limit of fifty-five (55) miles per hour – and that John failed to keep his vehicle in the proper lane.  *Id.* at 255-265.  Dr. Erin Barnhart, a forensic pathologist and the deputy chief medical examiner at the Mississippi State Medical Examiner's Office, testified that the cause of death for all six (6) victims was drowning.  *Id.* at pgs. 242-54.

A Neshoba County Grand Jury indicted John for six (6) counts of DUI Manslaughter in violation of Miss. Code Ann. § 63-11-30(5).  SCR, No. 2013-KA-02001-COA, Vol. 1, pgs. 5-6.  Upon

a defense motion for change of venue, the trial was transferred to the Circuit Court of Lafayette County. *Id.* at 1-2, 32-41, 54-55; SCR, No. 2013-KA-02001-COA, Vol. 2, pgs. 8-38. A jury ultimately convicted John on all six (6) counts set forth in the indictment, and the trial court sentenced him to serve six (6) consecutive fifteen-year terms in the custody of the MDOC, for a total of ninety (90) years, with fifteen (15) years suspended, leaving seventy-five (75) years to serve. SCR, No. 2013-KA-02001-COA, Vol. 1, pgs. 89-92.

### Ground Two: Introduction of the Photographs of the Victims' Bodies

In Ground Two, Mr. John argues that the trial court erred in admitting photographs of the bodies of the victims into evidence at trial. ECF doc. 1, pgs. 6-8; doc. 4, p. 4. Based upon argument made in his application for post-conviction review, the court interprets John's argument in the present petition to be a claim of error in the trial court's admission of photograph exhibits 10 through 15. SCR, No. 2013-KA-02001-COA, Vol. 3, pgs. 132-36. The Mississippi Supreme Court rejected these allegations during post-conviction collateral review.

A federal court may not entertain a claim challenging the state court's ruling on the admissibility of certain evidence under state law, as rulings of state courts on evidentiary matters are solely issues of state law. "A state court's evidentiary rulings present cognizable *habeas* claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair." *Johnson v. Puckett,* 176 F.3d 809, 820 (5th Cir. 1999). "[I]n reviewing state court evidentiary rulings, the federal *habeas* court's role 'is limited to determining whether a trial judge's error is so extreme that it constituted denial of fundamental fairness' under the Due Process Clause." *Castillo v. Johnson,* 141 F.3d 218, 224 (5th Cir. 1998). The "erroneous admission of prejudicial testimony does not justify *habeas* relief unless the evidence played a 'crucial, critical, and highly significant' role in the jury's

determination." *Jackson v. Johnson*, 194 F.3d 641, 656 (5ᵗʰ Cir. 1999). *See e.g., Anderson v. Quarterman*, 204 Fed. Appx. 402, 406-07 (5ᵗʰ Cir. 2006) (*unpub.*) (finding trial court's admission of certain gruesome crime scene photographs of the victims failed to warrant *habeas corpus* relief); *McIntosh v. Crockett, et al.,* 2:06CV208-B-A, 2007 WL 3047146, at *3-4 (N.D. Miss. Oct. 17, 2007) (rejecting *habeas corpus* relief on ground that trial court allegedly erred in admitting photographs of deceased victim).

 During the trial testimony of Jonathan Spears, a DUI officer for the Neshoba County Sheriff's Department, the State introduced into evidence photographs taken by Spears at the scene of the accident of the bodies of the victims. SCR, No. 2013-KA-02001-COA, Vol. 3, p. 119-36. The photographs were admissible at trial to aid in the understanding of the testimony from the officer who responded to the scene of the accident and removed the deceased victims from the vehicle after it was pulled from the water. The photographs also aided in the testimony of the officer regarding how the bodies were identified. *Id.* at 131-36. The petitioner has not argued that the photographs were altered or that they did not accurately represent the condition of the victims' bodies. Certainly, photographs of deceased victims, especially children, are likely to cause an emotional response in the viewer; however, Mr. John's actions directly caused the deaths of victims, including the children. The photographs at issue had probative value and did not mislead the jury or misrepresent the facts. The trial court's decision to admit the photographs was not error and did not cause the trial to be fundamentally unfair.

 In addition, federal *habeas corpus* relief for claims of error under state law is not appropriate unless the admission of evidence is both erroneous and played a crucial, critical, and highly significant

role in the determination of the jury.[2]  *McIntosh*, 2007 WL 3047146, at *4 (citing *Jackson*, 194 F.3d at

656).  The admission of the photographs exhibits was neither erroneous, nor could it have played a

pivotal role in the jury's decision regarding guilt or innocence.  The evidence that Mr. John's defense

could not overcome was the testimony presented at trial that his blood-alcohol level was 0.18 percent

on the night of the accident and that he was driving erratically at an extremely high rate of speed just

before plunging his vehicle into a creek with the six (6) victims inside.  SCR, No. 2013-KA-02001-

COA, Vol. 3, pgs. 105-110, Vol. 4, pgs. 229-31, 263-66.  The state appellate court correctly applied

state law and found that Mr. John's claim lacked merit.  Hence, his allegation in Ground Two is not

cognizable on federal *habeas corpus* review because it raises an issue of state law, not federal law.

### Grounds One, Three, Four, Five, and Six:
### Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered the remaining issues on the merits

and decided those issues against the petitioner; hence, these claims are barred from *habeas*

*corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless

they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in

---

[2]  *See also Neal v. Cain*, 141 F.3d 207, 214 (5th Cir. 1998) ("The erroneous admission of
prejudicial evidence will justify *habeas* relief only if the admission was a crucial, highly significant
factor in the defendant's conviction.").

the State court proceeding.

*Id.* (emphasis added).  The first exception, subsection (d)(1), applies to questions of law.  *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000).  The second exception, subsection (d)(2), applies to questions of fact.  *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997).  Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law."  *Id.* (emphasis added).  A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000).  A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable.  *Id.* at 1521.  As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law.  Accordingly, the exception in subsection (d)(1) does not apply to the remaining grounds of the petitioner's claim.

Nevertheless, under § 2254(d)(2) Grounds One, Three, Four, Five, and Six may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented.  Because the supreme court is presumed to have determined

the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

**Ground One: Judge's Improper Comments During Voir Dire**

In Ground One, John argues that the trial judge made improper comments during *voir dire* that the victims were children, which he believes deprived him of the right to a fair trial.[3] ECF doc. 1, pgs. 5-6; doc. 4, pgs. 3-4. John presented this issue to the Mississippi Supreme Court on post-conviction review, but the court rejected the claim.

During *voir dire*, in an attempt to qualify a fair and impartial jury, the trial judge informed the jury that several of the victims were the Mr. John's children. SCR, No. 2013-KA-02001-COA, Vol. 3, pgs. 53-101. The defense did not object to the trial judge's comments.

The record reveals that the trial court's comments during *voir dire* fail to constitute an improper comment on the evidence,[4] as John alleges, and did not prejudice his right to a fair trial. The Fifth Circuit has held that, even tasteless and unnecessary judicial comments do not automatically establish bias or prejudice. *Nichols v. Scott,* 69 F.3d 1255, 1277 (5th Cir. 1995). The *Nichols* Court explained that "'[j]udicial remarks during the course of a trial that are . . . disapproving of, or even

_____

[3] In his application for post-conviction review, Mr. John identified the judicial comments at issue, which are located on: SCR, No. 2013-KA-02001-COA, Vol. 3, p. 68.

[4] To the extent that Mr. John's arguments are construed as also suggesting that the trial judge's comments improperly stated that John was guilty as charged or asked for a verdict of guilty, such contentions are likewise unsupported by the record as a whole and without merit.

hostile to, . . . the parties, or their cases, ordinarily do not support a bias or partiality challenge' unless

'they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'" *Id.*

(citing *Liteky v. United States*, 510 U.S. 540 (1994). The relevant statements by the court were:

> My information is that Duane John at 1:00 p.m. on the date of the accident, that he had
> driven the vehicle and because of a drunken condition went into a swollen ditch,
> swollen with water, and these five kids here were his children, and they all drown, and
> there was another person who likewise drown, but he survived. We all are shocked,
> and we're all (inaudible) to be something, and we have concerns for the welfare of
> minor children, but in this case, can all of you tell me that you will not, that your
> decision will not be influenced just simply because these are minor children and they
> are his children? Will you not let that influence your decision in returning a verdict, a
> verdict of guilty as charged?

SCR, No. 2013-KA-02001-COA, Vol. 3, p. 68. It is a matter of record that five of the victims were

Mr. John's children. The trial court was trying to determine whether any potential jurors present

would be so overcome with emotion at the death of children that their emotion would prevent them

from being impartial. The trial court could certainly have phrased the last sentence in a better way, but

the context of the court's *voir dire* of the jury venire, both before and after the reference to children as

victims, was to identify and potentially excuse any jurors who might harbor some bias that would call

into question their impartiality in the case. Hence, the trial court's comments during *voir dire*,

considered as a whole, do not rise to that level. *See e.g., Kirkham v. Hood*, 2:12CV103-NBB-JMV,

2015 WL 1931300, at *6-7 (N.D. Miss. April 28, 2015).

For this reason, the Mississippi Supreme Court's decision rejecting this claim was neither

contrary to, nor did it involve an unreasonable application of, clearly established federal law, as

determined by the Supreme Court of the United States. Further, the decision was not based on an

unreasonable determination of the facts in light of the evidence. As such, Mr. John is not entitled to

*habeas corpus* relief on Ground One of the instant petition.

**Ground Three: Petitioner Was Denied a Jury of His "Peers"**

- 11 -

In Ground Three, Mr. John claims that he was denied a jury of his peers. He argues that he is a Native American of the Choctaw tribe which is located in Neshoba County and that the change of venue from Neshoba County, Mississippi, to Lafayette County, Mississippi, caused there to be no fellow Native Americans on his jury. ECF doc. 1, pgs. 8-9; doc. 4, pgs. 4-5. The Mississippi Supreme Court rejected this argument on post-conviction review.

Mr. John challenges the racial composition of the jury empaneled in the Circuit Court of Lafayette County; however, a criminal defendant "has no constitutional right to a jury of any particular racial composition." *Cunningham v. Estelle*, 536 F.2d 82, 84 (5th Cir. 1976) (citing *Taylor v. Louisiana,* 419 U.S. 522, 538 (1975)). Under the Sixth Amendment, a criminal defendant is entitled to a fair and impartial jury. *Duncan v. Louisiana,* 391 U.S. 145, 149-62 (1968). "[T]he selection of a petit jury from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial." *Taylor*, 419 U.S. at 528. *See also Wilson v. Buscher*, No. 3:14CV177-GHD-JMV, 2017 WL 2882225, at *10-11 (N.D. Miss. July 5, 2017).

The Supreme Court's view is the same:

in holding that petit juries must be drawn from a source fairly representative of the community we impose no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. *Defendants are not entitled to a jury of any particular composition, but the jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof.*

*Taylor*, 419 U.S. at 538 (internal citations omitted) (emphasis added).

Mr. John has not shown that Native Americans were systematically excluded from his jury. In fact, Mr. John admits that he did not challenge the makeup of his jury at trial. *See* SCR, No. 2016-M-01503. Indeed, Mr. John, himself, sought the change of venue from Neshoba County prior to his trial,

alleging that he could not receive a fair trial in Neshoba County due to the notoriety of his case, SCR, No. 2013-KA-02001-COA, Vol. 1, pgs. 1-2, 32-41, 54-55; Vol. 2, pgs. 8-38, and he placed his signature on the "Motion for Change of Venue." SCR, No. 2013-KA-02001-COA, Vol. 1. pg. 34. The trial court granted the defense's request and transferred the trial to the Circuit Court of Lafayette County, Mississippi. *Id.* The Mississippi Supreme Court's resolution of the issue raised in Ground Three was not contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. As such, Mr. John is not entitled to federal *habeas corpus* relief as to this claim.

### Ground Four: The Evidence Was Insufficient to Support the Verdict

In Ground Four, Mr. John argues that the evidence failed to prove the elements of the crime because there was no evidence that he acted negligently. ECF doc. 1, pgs. 9-10; doc. 4, p. 5. The Mississippi Supreme Court interpreted John's similar argument on post-conviction review to be a challenge to the weight of the evidence and found that the claim lacked merit. A weight of the evidence claim requires an assessment of the credibility of the evidence presented at trial. *Tibbs v. Florida*, 457 U.S. 31, 37-38 (1982). It is purely a matter of state law and is not valid on *habeas corpus* review. *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985) ("[a] federal habeas court has no power to grant *habeas corpus* relief because it finds that the state conviction is against the 'weight' of the evidence[.]") Thus, to the extent that Mr. John challenges the weight of the evidence, that allegation must be dismissed for failure to state a claim upon which relief could be granted.

The court, instead, construes this ground for relief as a challenge to the sufficiency of the evidence to support the jury's verdict. That claim is based upon federal due process principles, and the relevant question is "whether, after viewing the evidence in the light most favorable to the

prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This requirement "preserves the integrity of the trier of fact as the weigher of the evidence." *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983).

In this case, the proof presented at trial was easily sufficient to support the guilty verdicts. The State was required to prove the elements of DUI manslaughter beyond a reasonable doubt: that Mr. John operated a motor vehicle while under the influence of intoxicating liquor, having 0.08 percent or more and, in a negligent manner, and caused the death of the six (6) victims. Miss. Code Ann. § 63-11-30(5). The prosecution presented evidence that John was driving the vehicle at the time of the accident. SCR, No. 2013-KA-02001-COA, Vol. 4, pgs. 220-23, 283-84. Testimony established that Mr. John had consumed alcohol before he drove the vehicle on the night of the accident. *Id.* at pgs.216-220, 281-88. Mr. Stevenson from the Mississippi Crime Lab testified that the blood-alcohol analysis established that John's blood-alcohol level was 0.18 percent when tested shortly after the accident occurred. *Id.* at 229-31. Officer Sanders, the accident reconstructionist, testified that the accident occurred because John was speeding, failed to keep his vehicle in the proper lane of traffic, and was under the influence of alcohol. *Id.* at 263-66. Officer Sanders testified that John was driving at a speed of eight-six (86) to ninety (90) miles per hour in a fifty-five (55) miles per hour zone. *Id.* at 263-64. In addition, two (2) eyewitnesses also testified that John was speeding. SCR, No. 2013-KA-02001-COA, Vol. 3, pgs. 105-11; Vol. 4, pgs. 221-22. The jury heard testimony from Dr. Barnhart, confirming that the cause of death for all six (6) passengers was drowning. *Id.* at 242- 54. Viewing the evidence in the light most favorable to the prosecution, the evidence overwhelmingly proved that Mr. John committed the six (6) counts of DUI manslaughter. The allegations and Ground Four will be

dismissed for want of substantive merit.

### Ground Five:  Failure of Counsel to Investigate Mr. John's Mental Health History

In Ground Five, Mr. John argues that he received ineffective assistance of counsel because his

trial counsel failed to investigate his mental health status, including his prior mental health history.

ECF doc. 1, p. 11; doc. 4, pgs. 6-8.  John presented this claim of ineffective assistance to the

Mississippi Supreme Court on post-conviction review, and that court rejected the claim.

### Ineffective Assistance of Counsel

The court must address claims of ineffective assistance of counsel under the two-prong test set

forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  To prove that

defense counsel was ineffective, the petitioner must show that counsel's performance was deficient,

and that the deficiency resulted in prejudice to her defense.  Under the deficiency prong of the test, the

petitioner must show that counsel made errors so serious that he was not functioning as the "counsel"

guaranteed by the Sixth Amendment.  *Strickland*, 466 U.S. at 687.  The court must analyze counsel's

actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight.

*Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988).  The petitioner "must overcome the

presumption that, under the circumstances, the challenged action 'might be considered sound trial

strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted).  To prove prejudice, the petitioner must

demonstrate that the result of the proceedings would have been different or that counsel's performance

rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673,

685 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993);

*Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).  "When §2254(d) applies, the question is

not whether counsel's actions were reasonable.  The question is whether there is any reasonable

argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011); *Premo v. Moore*, 131 S.Ct. 733 (2011).

In the present case, Mr. John claims that counsel provided ineffective assistance by failing to investigate John's mental health status, including obtaining his prior mental health records. This allegation is unsupported in the record. Defense counsel moved for Mr. John to undergo a psychiatric examination, and the trial court granted that motion. SCR, No. 2013-KA-02001-COA, Vol. 1, pgs. 3-4, 42-45, 49-50, 52-53; Vol. 2, pgs. 8-11, 38. On July 22, 2013, John was examined by Dr. Mark C. Webb, a psychiatrist. SCR, No. 2013-KA-02001-COA, Vol. 2, p. 40-41. Afterward, the court held a competency hearing, during which Dr. Webb testified that John was competent to stand trial; that he was able to perceive and fully understand the court proceedings; that he had a sufficient IQ based on his previous education and his ability to work and function independently; that he was fully capable of rationally communicating with his attorney about the case; that he was able to recall the relevant facts of his case; that his understanding was commensurate with the severity of the charges against him and potential sentences he faced; and that he would be able to testify in his own defense. *Id*. at 43-47.

Before the competency hearing, defense counsel stated to the trial court that he believed John previously had received psychiatric evaluation or treatment from the Choctaw Mental Health facility. *Id.* at pgs. 8-11; SCR, No. 2013-KA-02001-COA, Vol. 1 p. 42. Although, counsel stated that at that time, he had requested but not yet received John's records from that facility, *id*., defense counsel ultimately chose not to mention or question Dr. Webb regarding such records at the competency hearing. SCR, No. 2013-KA-02001-COA, Vol. 2, pgs. 47-49. Indeed, Dr. Webb testified at the hearing that he had checked into Mr. John's past psychiatric history, and he had never been previously seen by a mental health professional. *Id.* at p. 43. The trial court ultimately found Mr. John competent

to stand trial. *Id.* at 49-50; SCR, No. 2013-KA-02001-COA, Vol. 1, p. 66.

John has failed to show either deficient performance or prejudice from trial counsel's actions with regard to this claim. Defense counsel investigated Mr. John's mental health status, and John has failed to demonstrate how records from an alleged prior mental health examination or treatment would have affected the trial court's finding that he was competent (especially in light of Dr. Webb's testimony regarding his *recent* psychiatric examination of John).

Mr. John alleges that trial counsel failed to adequately investigate his mental health status – and thus prevented him from presenting that as mitigating evidence during sentencing. He has, however, failed to show how additional evidence regarding his mental health would have affected the sentence imposed. The trial court found John competent to stand trial after holding a competency hearing. Mr. John's federal *habeas corpus* petition has not overcome the deference this court must afford to the state appellate court's decision. He has not shown that the state appellate court's decision rejecting John's claim of ineffective assistance of counsel was an unreasonable application of *Strickland, supra,* to the facts and the record of this case. As such, the Mississippi Supreme Court's decision holding that John's claim, as discussed above, lacked merit was neither contrary to, nor an unreasonable application of, clearly established federal law. Further, the decision was not based on an unreasonable determination of the facts in light of the evidence. Hence, Mr. John is not entitled to *habeas corpus* relief based on his claim of ineffective assistance of counsel in Ground Five of the instant petition.

### Ground Six: The 90-Year Sentence Is Disproportionate to the Crime of Conviction

In Ground Six, Mr. John claims that the trial court erred in sentencing him to a total of ninety (90) years in prison. ECF doc. 4, p. 6. The Mississippi Supreme Court rejected this argument on post-

conviction review. Mr. John was convicted of six (6) separate counts of DUI manslaughter in violation of Mississippi Code Annotated section 63-11-30(5). SCR, No. 2013-KA-02001-COA, Vol. 1, pgs. 5-6, 89-92. Under Section 63-11-30(5), the maximum term of incarceration for DUI manslaughter is twenty-five (25) years for each death. The trial court sentenced John to serve a term of fifteen (15) years in the custody of the MDOC for each of the six (6) counts, to run consecutively. SCR, No. 2013-KA-02001-COA, Vol. 1, pgs. 89-92. Mr. John was sentenced to a total of ninety (90) years' imprisonment (15 years x 6 counts = 90 years). The trial court, however, suspended fifteen (15) of those years, leaving seventy-five (75) years for John to serve. *Id.* Mr. John will be over 100 years old at the expiration of his sentence.

Generally, a petitioner is entitled to *habeas corpus* relief only if he can show that the sentence imposed "exceeds or is outside the statutory limits, or is wholly unauthorized by law." *Haynes v. Butler,* 825 F.2d 921, 923-24 (5th Cir. 1987). Mr. John was sentenced within the limits of the applicable statute, which, under Mississippi law, renders the sentence "unreviewable" on disproportionality grounds. *See, e.g., Mosley v. King,* No. 1:13CV209-GHD-JMV, No. 1:14CV115-GHD-JMV, 2017 WL 1169606, at *8 (N.D. Miss. March 28, 2017).

> Though the Supreme Court has established a balancing test for evaluating the proportionality of sentences under the Eighth Amendment, *see Solem v. Helm,* 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), Mississippi courts do not apply that test to sentences within statutory guideline ranges, *White,* 742 So. 2d at 1135-36 (citing *Stromas v. State,* 618 So. 2d 116, 123 (Miss. 1993)). Instead, "where a sentence is within the prescribed statutory limits, it will generally be upheld and not regarded as cruel and unusual." *Id.* at 1136 (quoting *Stromas,* 618 So. 2d at 124). "The practical effect of the general rule is that a trial judge's sentencing decision has traditionally been treated as unreviewable so long as the sentence was within the statutory limits." *Id.* at 1136.

*Brooks v. Kelly,* 579 F.3d 521, 524 (5th Cir. 2009). Thus, the sentence is appropriate under state law.

Neither has Mr. John met the standard to warrant *habeas corpus* relief as to this issue under

federal law.  In *Lockyer v. Andrade*, 538 U.S. 63 (2003), the United States Supreme Court addressed whether *habeas corpus* relief was warranted on a claim that a state sentence violated the Eighth Amendment prohibition against cruel and unusual punishment.  The Court found that there is no "clear or consistent path for courts to follow" in determining whether a sentence violates the Eighth Amendment. *Lockyer*, 538 U.S. at 73.  However,  "one governing legal principle [regarding a claim of disproportionate sentence] emerges as 'clearly established' under § 2254(d)(1):  A gross disproportionality principle is applicable to sentences for terms of years." *Id.*  The gross disproportionality principle is difficult to articulate, and the Court found it to be applicable only in the "'exceedingly rare' and 'extreme' case." *Id.*  A seventy-five year sentence for causing six deaths (including five children) does not qualify as an exceedingly rare or extreme case, as required under the Supreme Court's holding in *Lockyer*.  Further, as the Court found in *Lockyer*, the determination of the number of years' incarceration which constitutes a grossly disproportionate sentence is anything but clear. *Id.* at 72-73.

For these reasons, Mr. John cannot show any gross disproportionality in his sentencing for six (6) counts of DUI manslaughter.  The Mississippi Supreme Court's resolution of the issue in Ground Six was thus not contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  As such, Mr. John is not entitled to *habeas corpus* relief as to this claim.

### Mr. John Is Not Entitled to an Evidentiary Hearing

Mr. John claims that he is entitled to an evidentiary hearing.  Federal courts review a petition for a writ of *habeas corpus* only to determine if a petitioner's constitutional rights have been preserved.  *Herrera v. Collins,* 506 U.S. 390, 400-01 (1993); *Ellis v. Collins,* 956 F.2d 76, 78 (5th Cir.

1992).  This issue is governed by 28 U.S.C. § 2254(e)(2), which states:

> *If the applicant has failed to develop the factual basis of a claim in State court*
> *proceedings, the court shall not hold an evidentiary hearing on the claim unless* the
> applicant shows that –
>
> (A) the claim relies on –
>
>> (i) a new rule of constitutional law, made retroactive to cases
>> on collateral review by the Supreme Court, that was previously
>> unavailable; *or*
>>
>> (ii) a factual predicate that could not have been previously
>> discovered through the exercise of due diligence; *and*
>
> (B) the facts underlying the claim would be sufficient to establish by clear and
> convincing evidence that but for constitutional error, no reasonable factfinder would
> have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2) (emphasis added).  "Provisions like §§ 2254(d)(1) and (e)(2) ensure that

'[f]ederal courts sitting in *habeas* are not an alternative forum for trying facts and issues which a

prisoner made insufficient effort to pursue in state proceedings.'"  *Cullen*, 563 U.S. at 186.  Further,

"when the state-court record 'precludes *habeas* relief' under the limitations of § 2254(d), a district

court is 'not required to hold an evidentiary hearing.'"  *Id.* at 183.

    In other words, a federal court may not grant an evidentiary hearing on claims that a *habeas*

*corpus* petitioner could have developed in state court proceedings unless he meets certain criteria.

Either the claim must rely on a new rule of constitutional law, expressly made retroactive to cases on

collateral review, or the factual predicate could not have been previously discovered with *due*

*diligence*.  28 U.S.C. § 2254(e)(2)(A) (emphasis added).  In addition, the petitioner must show that the

proffered facts underlying the claim "would be sufficient to establish by clear and convincing

evidence that but for constitutional error, no reasonable factfinder would have found the applicant

guilty of the underlying offense."  28 U.S.C. § 2254(e)(2)(B).  Section 2254(e)(2) disfavors federal

evidentiary hearings, *Fuller v, Johnson,* 114 F.3d 491, 496 (5th Cir. 1997), and shifts the focus of hearings to state court. *Hernandez v. Johnson,* 108 F.3d 554, 558 (5th Cir. 1997). Mr. John has not provided any reason for this court to hold an evidentiary hearing in this case.

### Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 24th day of March, 2020.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**